Judge Robertson,
sitting alone by consent, delivered the following opinion.
Although the bill alleges that the contract for land, .which it seeks to rescind, was not reduced to writing, the only defendant before the court refuses to admit it, and the complainant has taken no proof; but if it be conceded that the contra<A was parol, it does not follow that the chancellor will, for that cause alone, decree its recision; unless it be reduced to writing conformably to the statute of frauds, no suit can be maintained on it, if the fact, of its not having been written appear; nevertheless it may be good between the parties under some circumstances* and for some purposes.
The chancellor will never interfere and relieve one parly from it, if the other has complied with his contract, or is willing and able to do so. If the vendor is not delinquent, the purchaser has no right in equity to a recision. A court of chancery will not lend its aici to the perversion of justice, on the petition of the party iu faalf.
In this case it is evident that Garman did not sell the legal title, and was never expected to convey it; but that the son of the complainant, Rowland, who held the title, was to make it to the appellants. And it not only does not appear, that there was any inability *or unwillingness to conve), but it is quite clear, (hat the appellants might have obtained the title. It is equally plain that they do not desire to obtain it. They have never applied for it: they have not made the holder of it a defendant, nor have they had publication made against the vendor Garman, who is a non-resident.. Their only object seemed to enjoin the payment of the purchase merely until' “a more convenient season.”
If all the parties had been before the court, the decree should have been as it was; unless it had been *77 made to appear that Garman was bound by contract to make the title; and that the holder of the title was unable or unwilling to convey;' but as the proper parties were not before the court, the absolute dismission of the bill was erroneous.
Wben a coinchZwer/has been guilty of gross neglect, in anTthiírfnílure may be attributed to 6r>esse, the court will direct the bill to be dismissed ; but without prejudice.
Petition for a ro-beanng.
Thomas B. Monroe, counsel for complainant presented a petition for a re-hearing.
If, under a.different aspect, this court might in reversing for want of parties, leave the case open on its return, nevertheless, as the complainant below seems to have intentionally failed to make the proper parties, fo r the purpose of giving to their case a more speciouS semblance of equity, and of preventing a clear dis closure of their want of title to relief, and as nothing which has been made to appear indicates a probability that their case’ was, or could be made a meritorious one.
The decree must be reversed, and the case remanded, with instructions to dismiss the bill without prejudice, and each party must pay his own costs.